RECEIVED
APR 2 7 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO: 08-378 |
| VERSUS | JUDGE DONALD E. WALTER |
| DARREN T. JACKSON | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court are the following three filings, by Defendant Darren T. Jackson, styled as follows: Letter Regarding Calculation of Credit for Time Served Imposed at Sentencing [Doc. #40]; Letter/Motion to Modify Sentence [Doc. #41]; and Letter Regarding Notice to Bureau of Prisons ("BOP") to Receive Credit for Time Served [Doc. #42]. The filings can be summarized as requesting that the Court modify the Defendant's sentence so that he receives credit for time-served prior to the imposition of his federal sentence and, separately, that he may be released early. Defendant also requests that the Court forward to BOP a transcript of Defendant's sentencing hearing, so that his time may be correctly computed.

On June 30, 2009, Defendant was sentenced by this Court to 115 months imprisonment with credit for time served, for a violation of 18 U.S.C. §922(g)(1), possession of ammunition by a convicted felon. [Doc. #30]. The Court also recommended to the BOP that the Defendant be enrolled in the 500-hour substance abuse program. *Id.* In response to a request by Defendant, this Court entered a revised sentencing order on August 16, 2013, in which the Court clarified that Defendant's federal sentence shall run concurrently with the sentence imposed by the State of Louisiana and that Defendant shall be given credit for time served. [Doc. #35]. Defendant now complains that the BOP is not abiding by the portion of that revised sentencing order, in which

the Court ordered credit for time served.

"It is well-established that district courts may not directly award credit against federal sentences for time spent in official detention." *United States v. Rorex*, 142 F. App'x 808, 808-09 (5th Cir. 2005) (citing *United States v. Wilson*, 503 U.S. 329, 333-37 (1992)). "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *Wilson*, 503 U.S. at 335. The BOP has "developed detailed procedures and guidelines for determining the credit available to prisoners." *Id*. The Court has issued its revised sentencing order. The BOP has been made aware of that order and the Court's intent, in sentencing the Defendant to concurrent sentences with credit for time served, and has calculated the Defendant's sentence in accordingly. [Docs. ##40-1, 42-2]. There is no evidence that the BOP has failed to follow its own procedures and guidelines in determining the credit available to this prisoner or in determining his eligibility to participate in any substance abuse programs. Accordingly, to the extent Defendant has moved for this Court to take any further action, such requests are **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27 day of April, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE